## TEXAS CO. v. WILLIAMS.
### No. 1328.

Court of Appeal of Louisiana. First Circuit.
May 8, 1934.

A. V. Pavy, of Opelousas, for appellant.

L. B. Sandoz, of Opelousas, for appellee.

ELLIOTT, Judge.

The Texas Company brought suit against Van A. Williams for $267.04 on an account for gasoline and motor oil, sold and delivered to him under a "Service Station Agency Contract." The petition allows a credit for 206 gallons of gasoline due to leakage from the tank in which it was placed by the plaintiff.

Defendant for answer denies that he owes the plaintiff. He also sets up the provisions of the contract, set up by the plaintiff, and alleges in reconvention that plaintiff installed the tank in the filling station, which he operated, the tank remaining the property of the plaintiff; that the tank leaked and he lost far more gasoline due to leakage than the quantity for which he received credit in plaintiff's petition; that the loss for which he received no credit amounted in value to $292.-39. He also claims $500 for loss of profits due to plaintiff's failure to comply with the contract by keeping the tank filled and $10 as due him by plaintiff on account of the installation of an air compressor, a total of $802.39.

He prays that plaintiff's demand be rejected, and for judgment in reconvention against plaintiff for $506.51.

There was judgment in favor of the plaintiff as prayed for, and defendant's demand in reconvention was rejected. Defendant has appealed.

As for the account sued on, the evidence shows that it represents the first delivery to defendant under the contract. Seven or eight deliveries followed, which, added up, make a large gallonage, but all the deliveries except the first were paid for. Plaintiff allowed defendant credit for 206 gallons against this first delivery on account of leakage from the tank, which belongs to plaintiff and which it furnished and installed for the purpose of keeping the gasoline furnished defendant for sale. It is not claimed by testimony that the first delivery was paid for.

The actual controversy has to do with defendant's demand in reconvention. Plaintiff claims there was no further loss due to leakage, that it is not liable for loss on that account, and that the credit for 206 gallons was allowed in order to satisfy defendant as a customer.

The lower court took the position that under the contract the plaintiff was not liable for leakage from the tank; that such leakage must be borne by the defendant. We differ with the lower court on that subject. The evidence satisfies us that there was leakage of gasoline from the tank largely in excess of the 206 gallons, and that it was all due to the faulty and improper installation of the tank, the property and work of the plaintiff.

Plaintiff sent its agent in response to defendant's complaint about leakage to investi-

gate the complaint and remedy the trouble. The leak was found to result from an improper installation of the tank, and was therefore due to plaintiff's fault and neglect. Plaintiff is therefore responsible for the losses sustained on said account. The language of the contract, relied on by plaintiff, has to do with losses, caused by acts, fault, or neglect of the defendant. Defendant had nothing to do with the installation of the tank. The full amount of the loss would be charged to the plaintiff, if the amount had been made to appear with reasonable certainty.

Plaintiff made 7 or 8 deliveries not counting the first one, each time filling the tank, and nearly always there followed a loss due to leakage from the tank. If defendant had kept an accurate account of the amount received each time and the amount sold out each time before the tank was refilled, the shortage due to leakage could have been arrived at, but the defendant neglected to keep such a showing. It would not have required much trouble to make the necessary data, etc., but it was not done.

A lady looked after the selling and receipt of gasoline for the defendant. She testified in the case at length, but in stating amounts received and amounts sold out of the tank after the various fillings she trusted to her memory. No written data or memoranda, made at the time of the refilling, were produced on the trial or offered in evidence. It is our conclusion, from the evidence on the subject, that the gallonage lost beyond the 206 for which credit is given is so uncertain that no particular amount can be safely arrived at, but it may be that defendant can establish the amount if given another opportunity.

As for defendant's claim of $500 on account of loss in profits due to the fact that defendant refused to permit plaintiff to put any more gasoline in the tank until the leak was stopped, on account of which it was empty for several months, there is so much uncertainty about this loss that we agree with the lower court that this item claimed by defendant must be rejected.

As for the item of $10, claimed by defendant on the ground that plaintiff agreed to install an air compressor and that defendant spent that amount in plaintiff's behalf in having it done, plaintiff's liability for this expense is not established by a preponderance of the proof, and it must therefore be rejected.

For these reasons the judgment of the lower court in favor of the plaintiff and against the defendant for $267.04, with interest, as allowed in the lower court, is affirmed. The judgment appealed from, rejecting defendant's claim in reconvention for $500 on account of loss of profit while the tank was empty and for $10 on account of expense paid for the installation of an air compressor, is also affirmed. But defendant's demand in reconvention on account of loss of gasoline due to leakage from the tank in excess of 206 gallons is denied as in case of nonsuit. Defendant-appellant to pay the costs in both courts.